EVARISTO COBIÁN, demandante y apelante, *v.* ROMÁN FUENTES y CRISTINO ROSADO, demandados y apelados.

Número 11438.

*Sometido:* 2 de abril de 1956. *Resuelto:* 18 de junio de 1956.

*Luis Blanco Lugo,* abogado del apelante; *Santiago Polanco Abréu,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del Tribunal.

El 25 de mayo de 1950 Evaristo Cobián inició acción civil en cobro de pagaré—que unió a su demanda—contra Román Fuentes y Cristino Rosado, alegando que éstos le adeudaban "la suma de $1,200 de principal, por vencimiento de pagaré por dicha suma otorgado el día 11 de octubre de 1949 y vencido desde el día 11 de abril de 1950", y que, a pesar de las gestiones cerca de dichos demandados para que pagaran su importe, "el mismo no ha sido satisfecho ni en todo ni en parte".

Los demandados contestaron negando todos y cada uno de los hechos alegados en la demanda.

Luego de un juicio en los méritos, el tribunal a quo declaró sin lugar la demanda, con costas y $150 por concepto de honorarios de abogado, en virtud de las siguientes conclusiones de hecho y de derecho:

*"Hechos Probados*

"Román Fuentes y Cristino Rosado suscribieron el siguiente pagaré:

'PAGARÉ—Por $1,200.00—Vencimiento Abril 11 de 1950.— Debemos y pagaremos solidariamente a don Evaristo Cobián Rivera o a su orden o legítimo endosatorio, la suma de $1,200 MIL DOSCIENTOS DÓLARES, recibida en calidad de préstamo a nuestra entera satisfacción......Nos obligamos al pago de dicha suma el día 11 de abril de 1950, sin intereses de clase alguna, en el domicilio del acreedor sin previo requerimiento ni aviso.....Al fiel cumplimiento de esta obligación afectamos nuestros bienes, muebles e inmuebles, presentes y futuros, y en caso de reclamación judicial nos obligamos al pago de costas, gastos y honorarios de abogado.....Nos sometemos expresamente a los Tribunales de San Juan, Puerto Rico.....San Juan, P. R. a 11 de octubre de 1949.....(Firmado) Román Fuentes y Cristino Rosado. Affidavit núm. 7910 ...... Suscrito y reconocido ante mí por don Román Fuentes y don Cristino Rosado, ambos mayores de edad, propietarios, ambos casados y vecinos de Santurce, P. R., a quien conozco personalmente, en Santurce, San Juan, Puerto Rico, hoy día 11 de octubre de 1949. (Firmado) Víctor Rivera Colón, Notario Público.'

"Cristino Rosado había tomado a préstamo de Evaristo Cobián cierta suma de dinero con garantía de cierto equipo de su establecimiento comercial. Luego se embargó por otra persona el establecimiento de Rosado y Cobián facilitó otra suma de dinero representada por el pagaré que se reclama y se levantó el embargo.

"Al firmarse obligación, garantizada por Román Fuentes, quedó Cristino Rosado en posesión del equipo, obligándose a pagar $61.00 mensuales a Cobián por el término de seis meses, en cuyo término se vendería el equipo, para cobrar Cobián su deuda, incluyendo el importe del pagaré.

"Cristino Rosado embarcó para Estados Unidos y Román Fuentes entregó a Cobián, y éste aceptó, todo el equipo de Rosado, en pago de la deuda. El mobiliario estaba valorado, en la fecha de la entrega, en $3,000. Cobián lo vendió e hizo suyo el producto de la venta.

"Es sumamente difícil llegar a estas sencillas conclusiones porque el demandante en su testimonio no nos merece completo crédito.

### "Conclusiones de Derecho

"La obligación de los demandados aquí reclamada quedó extinguida al ceder sus bienes al demandante en pago de sus deudas y éste aceptarlos".

En el presente recurso el demandante señala como error el de que la sentencia dictada es contraria a la prueba y a derecho.   A nuestro juicio, tiene razón.

Se trata de una acción en cobro de un pagaré a la orden, suscrito por ambos demandados, el cual no fué impugnado por éstos.   El tribunal declaró sin lugar la demanda, fundándose en que el demandado "Román Fuentes entregó a Cobián y éste aceptó, todo el equipo de Rosado en pago de la deuda", incluyendo el importe del pagaré.   Esta conclusión del tribunal no tiene base en la prueba.   Veamos.

La prueba del demandante consistió de su propio testimonio y del pagaré cuyo pago reclamaba.   Su declaración puede resumirse así: 3 ó 4 meses antes de suscribirse el referido pagaré, el demandante le dió a préstamo a Cristino Rosado la suma de $1,300, la cual éste le garantizó con hipoteca sobre cierto equipo de su negocio: una máquina de cortar carne, una caja registradora, un "display" de 8 pies y un frigorífico.   Rosado informó a Cobián en esa ocasión que dicho equipo no tenía gravamen alguno, y así se realizó el negocio.   Tres o cuatro meses más tarde una tercera persona le embargó dicho equipo a Rosado.   Para levantar el embargo Cobián prestó nuevamente a Rosado la suma de $1,200 y éste pagó a los acreedores.   En esa ocasión el equipo le fué pasado a Cobián en pago de la cantidad que previamente le había dado a Rosado en hipoteca. Rosado y Fuentes suscribieron un pagaré a la orden de Cobián por los $1,200 del nuevo préstamo y Cobián convino en dejar dicho equipo en arrendamiento a Rosado y Fuentes mediante el pago de la suma de $61 mensuales, por 6 meses, al cabo de los cuales le entregarían los muebles "si no los habían vendido, si no encontraban una persona que pudiese dar por los muebles una cantidad que valía (sic) la pena, es decir, para liquidar todo entonces".

Transcurridos los 6 meses sin recibir Cobián el importe del arrendamiento tomó el equipo—con excepción de una nevera que Rosado no había pagado y que ya había sido sa-

cada del negocio—el que luego vendió Cobián por la suma de $900.

La prueba de los demandados consistió del testimonio del codemandado Román Fuentes y del testigo Alejandro Trinidad, quien declaró solamente en relación con el valor que a su juicio tenía el equipo de referencia.

El testimonio de Fuentes fué al efecto de que él firmó el aludido pagaré como garantizador de Cristino Rosado y que al él firmar dicho documento Rosado le dijo que "lo tenía por dado por garantía por $1,200 sobre unos muebles que él tenía en su negocio a seis meses". Antes de transcurrir los seis meses no le fué bien el negocio a Rosado y embarcó para Estados Unidos y entonces Cobián se hizo cargo del equipo, el cual a su juicio valía alrededor de $3,500 o $4,000. Como explicación de que no debía nada a Cobián, Fuentes insistió en que en ningún momento había cogido dinero a Cobián. "Solamente yo firmé a Cristino Rosado que él le garantizaba con los muebles a 6 meses. Si a los 6 meses él no pagaba yo era responsable, pero como él se llevó los muebles. . . ."

La prueba de los demandados—testimonio de Fuentes— no sostiene, en verdad, la conclusión de que al tomar Cobián el equipo lo hiciera *en pago de la deuda total* de Rosado incluyendo la obligación por $1,200 representada por el pagaré, el cual admitió haber leído antes de poner su firma, siendo su explicación, como hemos visto, la de que Rosado le dijo que era para garantizar los $1,200 "sobre unos muebles que el tenía en su negocio a seis meses". Rosado no fué testigo en el juicio.

El tribunal a quo hizo constar en sus conclusiones de hecho que el testimonio del demandante no le había merecido "completo crédito". Sin embargo, llegó a la conclusión de que con anterioridad a la firma del pagaré, Cobián había dado a préstamo "cierta suma de dinero con garantía de cierto equipo de su establecimiento comercial". Este extremo surge exclusivamente de la declaración de Cobián y

no fué negado por Fuentes. También concluyó el tribunal a quo que la suma de $1,200 representada por el pagaré, fué dada por Cobián para levantar el embargo que una tercera persona trabó sobre los bienes que Rosado tenía en su negocio. Este extremo también surge exclusivamente de la declaración de Cobián, y tampoco fué negado por Fuentes. Igualmente concluyó el tribunal que al firmarse el referido pagaré Rosado quedó en posesión del equipo "obligándose a pagar $61 mensuales a Cobián por el término de 6 meses, en cuyo término se vendería el equipo para cobrar Cobián su deuda, incluyendo el importe del pagaré". De esta conclusión, no está sostenida por la prueba aquella parte que expresa que el equipo se vendería para cobrar Cobián su deuda, *incluyendo el importe del pagaré.*

Cobián declaró siempre que hubo dos transacciones: la primera, el préstamo de $1,300 a Rosado con garantía del equipo, y la segunda, el préstamo de $1,200, representado por el pagaré, para levantar el embargo trabado sobre los bienes hipotecados; y que dichos bienes le fueron pasados por los $1,300 que le había dado primero a Rosado, con garantía del equipo, dejando éste en alquiler por 6 meses, y si en ese período no encontraban una persona que pudiese dar por el mismo una cantidad que valiera la pena, para liquidar todo entonces, el demandado le entregaría dicho equipo. Fuentes no controvierte esta última afirmación de Cobián, limitándose a decir que él firmó el pagaré en que Rosado "le garantizaba con los muebles a seis meses" a Cobián. Esta afirmación suya se funda en lo que le manifestó Rosado cuando fué a recoger su firma en el pagaré, y en ninguna parte de su testimonio aparece que él hablara con Cobián, y que ese fuera el alcance del convenio.

Fuentes, firmante del pagaré, es responsable bajo el mismo solidariamente con Rosado. Él admite en su testimonio que si Rosado no pagaba, él era responsable, pero en esencia niega su responsabilidad diciendo "...pero como él (Cobián) se llevó los muebles....".

Aun cuando la declaración de Cobián resulte confusa o indigna de crédito en algunos extremos, los hechos que consideró probados el tribunal a quo, surgentes de su testimonio, no fueron contradichos por la prueba de los demandados; y la de éstos, como hemos indicado, no sostiene la defensa afirmativa—no planteada en la contestación (1)— de la extinción por pago, de la deuda representada por el pagaré, en virtud de la cesión de los bienes a Cobián, ya que el testimonio de Fuentes no demuestra que ocurriera dicha cesión, como concluyó el tribunal a quo, "para cobrar Cobián su deuda, incluyendo el importe del pagaré". Dicho testimonio no demuestra que Fuentes fuera parte, en algún convenio de transacción con Cobián a ese efecto. El que Cobián, luego de transcurrido los 6 meses, tomara posesión del equipo, no indica por sí solo la existencia de convenio para darse por pagado de esa deuda de Rosado, sobre todo en vista de que el primer préstamo de $1,300 de Cobián— según las propias conclusiones del tribunal a quo—fué con garantía del equipo, y que quedó incontrovertido su testimonio en el sentido de que el mismo se le pasó, una vez librado del embargo, en pago de la hipoteca de $1,300.

La parte demandada identificó, en su repregunta a Cobián, un documento, sin fecha, que resultaba ser una relación de cuenta dada por Cobián a Rosado, en la cual se cargan dos partidas, una de $1,000 por concepto de préstamo y otra de $300 de un cheque sin pagar, aparte de una partida de $1,145 de "importe pago embargo", otra partida de $50 "al abogado", otra de $20 "arreglo de muebles" y 6 cargos de $61 empezando el 11 de noviembre por "ints. muebles", haciendo un total de $2,921.83.

---

(1) Aunque insuficiente en sí para sostener dicha defensa, el asomo de prueba en esa dirección, sin haberla objetado el demandante, no impide la consideración de esa defensa afirmativa, ya que podemos estimar que la controversia quedó ampliada por dicha prueba, 2 Moore's *Federal Practice*, sec. 8.27, págs. 1695–96, bajo la Regla 15 (*b*), Moore, ob. cit. sec. 1223, pág. 2329–30, en relación con la 12 (*h*), aún sin haber mediado enmienda a la contestación. Véanse, entre otros casos de este Tribunal, el de *Hernández* v. *Caraballo*, 74 D.P.R. 29, 36.

El referido documento no fué ofrecido en evidencia por la parte demandada, aun cuando aparece transcrito en los autos en apelación. Cobián explicó el alcance de dicho documento diciendo que fué una nota que le pidió Rosado, y aunque su testimonio es confuso en este particular, al hablar de los $1,300 afirmó que esa cantidad era por la hipoteca sobre los muebles y no tenía que ver nada con el pagaré, y que la suma de $1,200 que había dado para levantar el embargo no tenía que ver nada con la hipoteca ni con los muebles. En verdad, el aludido documento, que no constituye por sí evidencia, está explicado por Cobián y no niega la existencia de ninguno de los préstamos hechos por éste. Por el contrario, la referencia en el mismo a los $61 mensuales, comenzando el 11 de noviembre, tiende a ratificar la declaración de Cobián en el sentido de que el equipo se le cedió por la suma de $1,300 originalmente dada con garantía del mismo, y que ya el equipo suyo, hubo algún acuerdo para Rosado retener su uso.

El hecho de que Cobián autorizara la venta del equipo dentro del período de 6 meses, no es en sí circunstancia que justifique la conclusión de que dicho equipo pertenecía a Rosado. Ese hecho tiende más bien a indicar que Cobián le daba una oportunidad a Rosado para que, de encontrar quien lo comprara por una suma razonable, vendiera el equipo —que ya era de Cobián—con miras éste, que no lo interesaba, a darse por pagado del préstamo representado por el pagaré, como de las demás deudas, *si el producto de la venta era suficiente para extinguirlas todas.* Sin embargo, la prueba demuestra que Cobián, al abandonar Rosado la isla y el equipo, se hizo cargo de éste y lo vendió por $900. En esas circunstancias no podemos convenir con el tribunal a quo en que la obligación representada por el pagaré quedó extinguida. La primera obligación de $1,300, con garantía del equipo, sí quedó totalmente extinguida al aceptar Cobián dichos bienes en pago de esa deuda, aunque el pro-

ducto de su venta posterior fuere menor que la obligación en sí.

*Por los fundamentos expuestos, la sentencia será revocada y se declarará con lugar la demanda por la suma reclamada de $1,200 de principal, intereses desde la presentación de la demanda, con costas y $250 para honorarios de abogado.*